County Commissioners of Prince George's Co. *vs.* Burgess.

(Decided 13th December, 1883.)

[*Vide* Act of 1884, ch. 78, which makes the Secretary of State the custodian of the Great Seal of the State, and designates the persons by whom the same shall be affixed to bills passed by the General Assembly. REPORTER.]

---

## THE COUNTY COMMISSIONERS OF PRINCE GEORGE'S COUNTY *vs.* ROBERT W. BURGESS.

*Contributory negligence—Burden of proof—Defective County roads and bridges—Province of the Jury.*

The burden of showing contributory negligence on the part of the plaintiff, rests on the defendant as well in suits for injuries occasioned by defective county roads and bridges, as in actions against railroad companies for injuries occasioned by them.

If there be evidence tending to show there was contributory negligence on the part of the plaintiff, it is for the jury to say whether it existed; and in such case it ought not to be ignored in the instructions to the jury.

County Commissioners of Prince George's Co. *vs.* Burgess.

The fact that a person travelling on a public road knew that a bridge thereon had a hole in it, and was in an unsafe condition, is not a sufficient bar to his recovery for an injury occasioned thereby in passing over it; but he is concluded, if he knew the bridge to be wholly impassable.

The jury is the proper tribunal to say whether the bridge was passable with the exercise of proper care and caution in driving; and if the evidence show that with reasonably prudent and cautious driving the bridge was still unsafe, and there be no evidence to the contrary, it is not error to take the case from the jury.

APPEAL from the Circuit Court for Prince George's County.

The case is stated in the opinion of the Court.

*Exception.*—At the trial the plaintiff offered the two following prayers;

1. That the charge and control of the public roads and bridges in Prince George's County, being imposed upon the defendants, with power in the supervisors to superintend and direct their repairs in such manner and under such regulations and restrictions as they may direct, the duty and responsibility of keeping the roads and bridges in repair, attach to them, and they are liable at the suit of an individual who sustains damage by such omission to keep the roads and bridges, in good repair, whether such omission be the neglect of the said County Commissioners, or their ministerial agents. And if the jury find that the mare of the plaintiff was injured by reason of a defective bridge, in crossing the same, while the plaintiff was travelling over the same on his way from Washington to his home, then he is entitled to recover such sum as the jury may find from the evidence said mare may be worth.

2. That if the jury find from the evidence, any subsequent damage resulting from an accident on the public highway, then they may take this into their consideration in assessing their damages.

County Commissioners of Prince George's Co. *vs.* Burgess.

The defendants offered the two prayers following:

1. "That the plaintiff is not entitled to recover in this suit, unless the accident complained of happened while he was exercising reasonable prudence and care, and as he has offered no evidence on this point, their verdict must be for the defendants."

2. "That if the jury shall find from the evidence, that the mare of the plaintiff was damaged, as alleged, while being driven by the plaintiff over the public road and bridge, mentioned in the declaration, and that said damage was caused by a want of ordinary care and caution on the part of the plaintiff, then he is not entitled to recover in this action, although the jury may find that the public road and bridge at the time of said damage, were out of repair."

The Court (Brooke, J.,) granted the prayers of the plaintiff, and refused those of the defendants. The defendants excepted, and the verdict and judgment being rendered against them appealed.

The cause was argued before Alvey, Yellott, Miller, and Irving, J.

*F. Snowden Hill*, for the appellants.

*J. K. Roberts*, and *W. H. Tuck*, for the appellee.

Irving, J., delivered the opinion of the Court.

The appellee's horse was so injured, by getting into a hole in one of the bridges of Prince George's County, across which he was driving, that he died; whereupon the appellee sued the appellants for damages. It appears from the record, that the appellee knew the bridge was in bad and unsafe condition; that on the morning of the day the accident occurred the appellee, in passing to Washington, crossed the ford by the side of the bridge instead of

crossing the bridge; and that late in the evening, when returning, not knowing the state of water in the branch, did not cross the ford but attempted to cross the bridge, and in doing so injured his horse.

The first question presented by the bill of exceptions arises upon the refusal of the Court to grant the first prayer of the defendants (appellants) which is as follows, "that the plaintiff is not entitled to recover in this suit unless the accident complained of happened while he was exercising reasonable prudence and care, and as he has offered no evidence on this point their verdict must be for the defendants."

It is well settled in this State, that the burden of showing contributory negligence on the part of a plaintiff, is on the defendant. *Bacon's Case,* 58 *Md.,* 484. This rule has been laid down in suits against railroads for injuries occasioned by them; and we see no reason for establishing a different rule as applied to accidents occasioned by defective county roads and bridges. The presumption, that a man will act prudently and with care for his own safety, and will not recklessly rush into destruction must exist as well in the one case as in the other. The inference, of a distinction and of a different rule as applied to suits against a county for defective roads causing injury, which is sought to be drawn from the language of the Court in *Gibson's Case,* 36 *Md.,* 229, is unwarranted. It was not designed to make a different rule. The plaintiff in that case, by his prayer having at his own request obtained an instruction which would seem to impose the burden on him, it was no ground of complaint to the defendant, that he was allowed to assume that burden. If there be evidence, tending to show there was contributory negligence on the part of the plaintiff, it is for the jury to say whether it existed; and in such case it ought not to be ignored in the instructions to the jury. In this case it is argued, that because the evidence showed, that the plaintiff knew of the condition of the

bridge, therefore, the burden shifted, and it was incumbent on him to show affirmatively that he used due care and prudence in driving. It is wise for a plaintiff, shown to know of a defect, to prove that he drove with caution; but we cannot accede to the view, that the *onus* of showing want of care rests any where but on the defendant. If the bridge was wholly impassable and plaintiff knew it, his knowledge would be conclusive, and the case might have been taken from the jury; but not for the reason assigned in the prayer. In this case it does not appear from the proof, that the bridge was wholly impassable. It was unsafe, and had a hole in it, into which the appellee's horse fell, and was injured. The simple fact of its existence, with the knowledge of the plaintiff, was not sufficient to bar recovery. It should appear that the hole rendered the bridge practically impassable to effect a bar because of knowledge. The hole might possibly have been avoided with ordinary care in driving; and the knowledge of its existence ought to have prevented carelessness on the part of the plaintiff, and naturally would have induced care on his part; but the *onus* of showing, that such care and prudence was *not* exercised still rested on the defendants. The case of *Reed vs. Inhabitants of Northfield*, 13 *Pick.* 94, is very similar to this case. There was a dangerous hole by the side and edge of the bridge, of which the plaintiff had knowledge. He crossed the bridge and in doing so his horse got into the hole and was seriously injured. The jury was instructed that the knowledge of the hole being there was not conclusive evidence of negligence. On appeal Chief Justice SHAW announcing the decision of the Court said that ruling was perfectly correct. In *Hoyt vs. City of Hudson*, 41 *Wisconsin*, 105, it was held that if the plaintiff's evidence merely tends to show negligence on his part it is for the jury to say whether it existed.

Upon a careful examination of all the cases referred to by the appellants' counsel, we do not find a different doc-

County Commissioners of Prince George's Co. *vs.* Burgess.

trine obtaining from that we have laid down. The case of *Haton vs. Inhabitants of Ipswich*, 12 *Cushing*, 492, is in perfect accord with *Reed's Case* we have cited from 13 *Pickering*. There the road was obstructed with snow to an extent rendering it unsafe, but not *absolutely impassable*. The plaintiff had passed over its entire length after the obstruction occurred, and of course, knew its condition, though he met with no accident. In passing over it a second time with that knowledge he was injured. It was held that this knowledge was not conclusive evidence to bar his recovery. He did recover, and on appeal the ruling was sustained. *Tisdale's Case*, in 8 *Metcalf*, 392, lays down the law for a case where the road is so bad, a bridge so impassable, as to make it foolhardy to attempt a passage. *Farnun vs. Town of Concord*, 2 *N. H.*, 394, and *Falsom vs. Town of Underhill*, 36 *Vermont*, 581, are to the same effect. The doctrine to be extracted from all these cases is, that if the defect in the road or bridge be such as to make the same practically impassable, a person takes all the hazard, who with such knowledge attempts to pass over the road or bridge, and will not be redressed if he is injured. But if the defect be one which does not render the road wholly unfit for use, or bridge substantially impassable; and is only a defect which might result injuriously if not shunned, in such case it cannot be that a citizen, with business, must remain at his home, and may not make any attempt to use the road or bridge as his necessity requires. The extent to which the road or bridge is out of repair is always a material question, and upon that depends the effect of a plaintiff's knowledge upon his right to recover. If the defect was so extensive as to make any attempt to cross reckless, and the plaintiff so knew, and still endeavored to cross, we have said already, that in such state of proof the case should be withdrawn from the jury; but ordinarily it would be a question for the jury under instructions respecting their duty if they found a

OCTOBER TERM, 1883.    35

County Commissioners of Prince George's Co. vs. Burgess.

particular state of facts.  In this case the knowledge of the plaintiff was some evidence of negligence, proper to go to the jury, to be considered by them in conjunction with the condition of the bridge of which he had knowledge, and to be found a bar only in case they found the bridge from the proof to be wholly unfit for use, and that he knew its true condition.  His knowledge was not necessarily conclusive against his right to recover unless the defect was such that no reasonably prudent man would have ventured an attempt to cross.  As far as we can see there was no testimony in the cause to that effect.  There is none certified to us ; and in justice to the Court below we suppose there was none.  The precise description and extent of the defect is not certified, and upon the record it would seem to be invading the jury's province to say the bridge was impassable.  It was the proper tribunal to say whether the bridge was passable, with the exercise of proper care and caution in driving.  If the evidence showed, that with reasonably prudent and cautious driving the bridge was still unsafe, and there was no proof to the contrary, it would not have been error to take the case from the jury.  It follows from what we have said, that the first prayer of the defendants was properly rejected ; but that the second prayer of the defendant, ought to have been granted.  By the second prayer the Court was asked to instruct the jury that if the accident occurred because of the want of ordinary care and prudence on the part of the plaintiff, he was not entitled to recover.  Clearly that prayer was right and ought to have been granted.  It does appear, that there was a defect in the bridge rendering it unsafe, and that plaintiff knew it.  By refusing the instruction the Court assumed to say, that the defect was not such as rendered the bridge impassable, and that though the plaintiff knew of it, he was under no duty of careful driving, and his knowledge no evidence of negligence.  That was as erroneous as it would be to assume the defect

did make the bridge impassable, even with care in driving, and to take the case from the jury altogether. It is true there was a ford which he did cross safely in the morning, and might have attempted on his return; but it does not appear the ford was part of the public highway, between which and the bridge he had a rightful election; nor that the ford was not, at that time, as unsafe as the bridge. The bridge was put there as part of the public highway, and he was entitled to make the effort to cross, if his needs required it, unless he knew its condition to be such that the effort would be fraught with more danger than a man of reasonable prudence would risk. It cannot be, that a defect, which may make a bridge unsafe to one ignorant of it, but which might be avoided by reasonable care by one aware of its existence, can justify a citizen in making no effort to use the bridge, and suing the commissioners for detention, because the bridge was not in perfect condition. That involves too much inconvenience to the traveller, and establishes too high a degree of liability on the part of the commissioners. But as this plaintiff knew of the defect, it was for the jury to say whether the defect was such and his knowledge of it such as to make his act so rash as to disentitle him to a verdict.

If this defect in the bridge had existed and the county commissioners could be reasonably affected with notice of it, as the evidence indicates was the case, then their liability to the plaintiff for his injury is undeniable. *Duckett's Case*, 20 *Md.*, 174; *Gibson's Case*, 36 *Md.*, 237, and *County Commissioners of Harford County vs. Hamilton*, 60 *Md.*, 340.

The prayer of the plaintiff is obnoxious to no objection except, that it ignores the question of contributory negligence, of which his knowledge of the defect in the bridge was some evidence, though as we have said not conclusive. Notwithstanding the *onus* was on the defendant to show contributory negligence, as there was some evidence tend-

Baltimore and Fredericktown Turnpike Co. *vs.* Routzahn.

ing to show its existence, the prayer was defective in declaring his right to recover absolutely without reference to his having exercised ordinary care and prudence in driving. It would have been proper if he had added this proviso, "provided they also find that at the time of the accident the plaintiff was exercising ordinary care and prudence in driving." It was error to grant it without some such addition. Objection to the second prayer of the plaintiff was abandoned at the hearing.

*Judgment reversed, and*
*new trial ordered.*

(Decided 13th December, 1883.)