| 69 | 545 |
| 76 | 160 |
| 69 | 545 |
| 89 | 588 |
| 90 | 88 |

## No. 2457.

## GULF, COLORADO & SANTA FE RAILWAY COMPANY
### *v.* H. W. GASSCAMP.

1. NEGLIGENCE.—Before an act can be deemed as negligent *per se*, it must either have been done in violation of a statutory duty, or must in its nature be so violative of common prudence, that, without doubt, no prudent man would have committed it.

2. CONTRIBUTORY NEGLIGENCE.—If one having no other way to reach the neighboring town where he transacts his business, than over a railway bridge where the county road crosses the railway track, is injured in attempting to cross such bridge, the fact that he had reason to believe the bridge was unsafe before attempting to cross it, it being used by the public at the time, does not furnish conclusive evidence of his contributory negligence. In such case the question of his negligence must be determined by the jury.

3. CASES REVIEWED.— DeWise v. Bailey, 131 Massachusetts, 164; and County Commissioners v. Burgess, 61 Maine, 29, reviewed.

APPEAL from Washington. Tried below before the Hon. I. B. McFarland.

*Garrett, Searcy & Bryan,* for appellant: That plaintiff was guilty of contributory negligence and should not recover, cited General Laws, Nineteenth Legislature, page 45; Railroad Company v. LeGierse, 51 Texas, 202; Hughes v. Railroad Company, 67 Texas, 597; Brandon v. Manufacturing Company, 51 Texas, 121; Houston & Texas Central Railway Company v. Nixon, 52 Texas, 19; Railroad Company v. Smith, 52 Texas, 178; Houston & Texas Central Railway Company v. Levett, 1 White & Willson Civil Cases, section 137; Id., section 417; International & Great Northern Railroad Company v. Jordan, 1 White & Willson, Civil Cases, section 860; Shearman & Redfield on Negligence, page 578, section 488a.

*C. R. Breedlove,* for appellee.

GAINES, ASSOCIATE JUSTICE. This was an action brought by appellee against appellant to recover damages for personal injuries alleged to have accrued to the plaintiff by reason of the failure of the defendant to keep in repair a bridge upon a public road where the highway crossed its track. There was testimony showing that the bridge was out of repair, and that it was dangerous to cross it, and the plaintiff knew of this. But it also appeared that many persons habitually passed over on horseback and in vehicles, and, so far as the witnesses knew, no injury had occurred previous to that complained of by plaintiff. He testified himself to the defective character of the bridge, and to his knowledge of the fact; and also that this was the only public road from his house to the city of Brenham. He further swore that he was on his way to Brenham on the day of the accident, riding on horseback, and that in attempting to cross the bridge a plank which was loose and rotten, became displaced and frightened his horse, and caused him to be thrown across the iron of the railroad track, thereby inflicting upon him serious personal injuries. The defendant attempted to show that the bridge was kept in proper repair, but the evidence to the contrary was more than sufficient to sustain the verdict for plaintiff, on this issue. No one was present when the accident occurred but

the plaintiff, and he testified to no unusual care in attempting to cross over the bridge.

It is now assigned as error that the verdict of the jury is contrary to the evidence, because the testimony shows "that the plaintiff was guilty of contributory negligence in attempting to ride across a bridge that he knew was defective and dangerous." The issue of contributory negligence was submitted to the jury, and has, by the verdict, been determined in plaintiff's favor. This is conclusive of the question, unless we can say that the act of plaintiff was negligent in law, or at least that it tended so strongly to establish negligence on his part that the verdict should not be permitted to stand. According to the rule in this court, in order that an act shall be deemed negligent per se, it must have been done contrary to a statutory duty, or it must appear so opposed to the dictates of common prudence that we can say, without hesitation or doubt, that no careful person would have committed it. It is apparent that this can not be said of the plaintiff's conduct in this case. It is well settled that if a highway or street be obstructed or out of repair, and this be known to a passenger, he can not be held faultless if he throw himself upon the obstruction or encounter the danger —provided another way of reaching his destination be open to him which is safe, and not much longer than that which he prefers to travel. (City of Erie v. Magill, 101 Pennsylvania State, 616; Schaefler v. Sandusky, 33 Ohio State, 246; City of Centralia v. Krouse, 64 Illinois, 19; Parkhill v. Brighton, 61 Iowa, 101; Wilson v. Charlestown, 90 Massachusetts, 8 Allen, 137.) As far as our research has extended, these are the cases which most strongly support the position taken by appellant. But in each of them the proposition is stated with the important qualification that there must be another safe way, by which the danger may be avoided; and it is to be noted that in every one, stress is laid upon the point that there was another convenient route. The reason is that a prudent person may choose to pass along an unsafe highway or street rather than abandon his trip, although he would have avoided the route if another be open to him.

It is accordingly held on the other hand, that if the passenger or traveler have no other convenient way, the mere fact that he takes the chances of a known danger and attempts a passage, is not controlling proof of his negligence. Whether the act be negligent or not depends upon the circumstances attend-

ing it; and the question is for the determination of the jury. (City Council of Montgomery v. Wright, 72 Alabama, 411; City of Huntington v. Brun, 77 Indiana, 29; County Commissioners v. Burgess, 61 Maryland, 29; DeWise v. Bailey, 131 Massachusett, 164; Dosley v. Menden, 44 Connecticut, 117; Evans v. Utica, 69 New York, 166; Templeton v. Montpelier, 56 Vermont, 328; Loewer v. Sedalia, 77 Missouri, 431; Reed v. Northfield, 30 Massachusetts, 13 Peck, 94; Osage City v. Brown, 27 Kansas, 74; City of Aurora v. Hulman, 90 Illinois, 61.) In DeWise v. Bailey, supra, the Supreme Court of Massachusetts say: "We think the law in a case of this kind is, that only when the nature of the obstruction is such that the court can say that it is not consistent with reasonable prudence and care, that any person having knowledge of the obstruction should proceed to pass over it in the manner attempted, can the court rule that such knowledge prevents the plaintiff from maintaining his action." In County Commissioners v. Burgess, supra, the Maryland court use this language: "In this case the knowledge of the plaintiff was some evidence of negligence proper to go to the jury to be considered by them in conjunction with the condition of the bridge of which he had knowledge, and to be found a bar only in case they found the bridge from the proof to be wholly unfit for use, and he knew its true condition." This language recognizes the correct rule and is strictly applicable to the case now before us. The defendant by showing that many persons habitually used the bridge with safety, proved that a mere attempt to cross it was not conclusive evidence of negligence. We conclude that the finding of the jury upon the issue of contributory neglegligence was warranted by the testimony and that appellant's first assignment is not well taken.

The first charge asked by appellant contains the proposition that if the plaintiff went upon the bridge knowing it to be defective, he could not recover. It is apparent from what we have said, that the court did not err in refusing the instruction.

The second special instruction asked by the defendant and refused by the court, is a mere general statement to the effect that "if the plaintiff by his own acts of negligence or carelessness contributed to the injuries received by him" he could not recover. The court having stated the same proposition in its general charge, it was not necessary to repeat it. For the same reason the court did not err in refusing the defendant's request for the fourth special instruction. Under the general charge

the jury were only authorized to find for the plaintiff in the event "they believed from the evidence that the bridge in question was a public crossing of the defendant's road and constituted a necessary part of said crossing." This gave the law more strongly for the defendant than the instruction asked and refused, and rendered any further charge upon the issue unnecessary. No witness very precisely states the location of the bridge, but no contest was made as to its location in the introduction of testimony. It appears that the bridge was across a ditch "just north" of the railroad track, and that plaintiff's horse was frightened on the bridge and jumped into the ditch and threw him across the iron rails. Defendant's section foreman testified, that it was his duty to look after the crossways and that he had examined the bridge in question and had repaired it. The conclusion is irresistible that the bridge which caused the injury was a bridge which it was the duty of defendant to keep in safe condition (General Laws Nineteenth Legislature, page 45), and that there was nothing in the evidence calling for any very particular charge upon the subject.

The judgment is affirmed.

*Affirmed.*

Opinion delivered January 27, 1888.