The Texas & Pacific Railway Company v. W. J. Born.

Decided January 21, 1899.

### 1. Railway Company—Passenger Alighting from Train.

Where a passenger re-entered a train in order to remove a part of his luggage which he was unable to take when he first alighted, the conductor, knowing that fact, should have held the train a reasonable time for him to alight with the remainder of his luggage, and in an action by the passenger for injuries sustained in alighting after the train had started, the court properly refused to charge that if the train stopped a reasonable time for plaintiff to disembark, defendant had performed its duty to him, and was under no further obligation to hold its train.

### 2. Same—Charge of Court.

See the opinion for a charge of court held to correctly submit the issues involved, and to be not subject to the criticism that it made the failure to hold the train a reasonable time negligence as a matter of law, and not faulty in failing to define a reasonable time.

### 3. Same—Proximate Cause.

A charge upon proximate cause is not called for where a passenger was injured by jumping from a train which had negligently been started before he could alight therefrom, but a charge on contributory negligence is sufficient.

4. **Same—Contributory Negligence.**
    Where the court had charged that it was plaintiff's duty to use such care and prudence to prevent injury to himself as one of ordinary prudence would have used under similar circumstances, it was not required to further charge, upon request and because the evidence showed that plaintiff was 63 years old, weighed 264 pounds, and was slightly deaf, that the degree of care required of him in alighting from the train was to use such discretion and care as a person of ordinary care in the same physical condition would have used.

APPEAL from Dallas. Tried below before Hon. EDWARD GRAY.

*Alexander, Clark & Hall,* for appellant.

*D. E. Greer* and *Henry & Henry,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—Plaintiff (appellee) sued defendant (appellant) for $1999 on account of damages alleged to have been sustained by plaintiff while a passenger on defendant's train, while en route from Dallas to Atlanta, Ga., it being further alleged that plaintiff had a stopover privilege at Forney, Texas, and that after plaintiff had alighted from the train at Forney, with a portion of his luggage, he re-embarked on the same train for the purpose of securing the remainder of his baggage, all with the full knowledge and consent of defendant's conductor, but that the latter negligently started said train before the plaintiff could alight, and plaintiff left the train after it was so put in motion, with the knowledge and consent of the conductor, and sustained serious injuries. Defendant pleaded a general denial and contributory negligence. Plaintiff obtained a verdict and judgment for $700. This appeal has been duly perfected. This is the second appeal in this case. The opinion on former appeal is published in 39 Southwestern Reporter, 170.

*Conclusions of Fact.*—Appellee purchased a ticket at Dallas, Texas, to Atlanta, Ga., from appellant and secured the privilege of stopping at Forney, which privilege was indorsed by the conductor upon his ticket before he reached that place. When the train reached Forney it was stopped, and appellee secured part of his baggage and alighted from the train. He expected to meet a gentleman at Forney. After looking up and down the platform and failing to discover his friend, he placed his baggage upon the platform and walked the length of one car to the sleeper, where the conductor was standing, and addressed the conductor, requesting him to hold the train a minutes or two until he could get his grip. The conductor heard the request but made no reply. The appellee entered upon the train for the purpose of securing his grip. After appellee had got inside, the train moved off. He procured his grip, returned to the platform, and jumped off while the train was in motion. He fell and received injuries, from which injuries he suffered damages in the amount found by the jury. The evidence is conflicting as to whether the train was moving or standing when he re-entered thereon

for the purpose of securing his grip. This conflict was settled in favor of the appellee by the verdict of the jury. In deference to the verdict, we conclude that the appellee was not guilty of contributory negligence in re-entering the train and in jumping therefrom.

Appellant's first assignment of error presented in their brief is as follows: "The court erred in refusing defendant's special charge number 1, directing a verdict for defendant, upon the undisputed evidence showing that defendant was guilty of no negligence, in that it stopped its train a reasonable time and that plaintiff had safely alighted from said train loaded with baggage; and the undisputed evidence shows further, that thereafter plaintiff again entered the train, with no promise on the part of the conductor that the train would be held beyond a reasonable time, and that with knowledge of the fact that the train was in motion, after it had stopped the usual and ordinary time, plaintiff jumped from said train while it was in such rapid motion as to occasion him some injury." This charge embraces the proposition that if appellant's train stopped a reasonable length of time for plaintiff to disembark that it performed its duty as a matter of law to him, and was under no further obligation to hold its train. The evidence is undisputed that the appellee did get off with part of his baggage, but that he left a remnant in the car; that after re-entering the car he did get the remainder with reasonable dispatch, and that in the meantime the train had started and was moving off when the appellee returned to the platform, whereupon he jumped from the moving train with the remainder of his baggage. There is evidence that the train only stopped a very short time; the plaintiff testified, less than three or four minutes. To say that appellant had performed its full duty by stopping long enough for a person to alight would be establishing a very arbitrary rule. In the absence of a statute defining the duties of a railroad company in reference to stopping its trains at its depots, such a charge would be improper. Railway v. Gasscamp, 69 Texas, 545.

A passenger might, as seems to have been the case with appellee, have had so many bundles that he could not carry all of them with him at one time, and it might become necessary for him to re-enter the train and procure the balance. If he did so with reasonable dispatch and with the knowledge of the conductor, we think the train should be held a reasonable time for him to alight with the remainder of his baggage. If the circumstances were such that the train could not be held, then the conductor should have warned him not to re-enter the car.

Appellant's next assignment of error presented in its brief complains of the following charge of the court: "That if the plaintiff, with the knowledge of the conductor, re-entered the train for the purpose of getting off his baggage, then it became the duty of said conductor to hold the train for a reasonable time for plaintiff to enter said train and get the balance of his baggage, and get off said train; if you find that said conductor did have such knowledge of plaintiff getting on said train

for such purpose, and failed to hold said train a reasonable time for plaintiff to get off, and that by reason of such failure, if any, the plaintiff was put to the election of either being carried beyond his destination, Forney, or of jumping from said train while in motion; and you further find that in jumping from said train the plaintiff was not guilty of contributory negligence, as hereinafter defined, and you further find that as the direct result of the conductor's failure, if any, to hold said train a reasonable time for plaintiff to get the balance of his baggage and get off, as above explained, the plaintiff sustained the injury complained of, then and in these events you will find for plaintiff."

It is contended that this charge is erroneous, first, because instead of leaving for the consideration of the jury the question of negligence vel non on the part of the defendant, it instructed the jury that the failure of the conductor to hold the train a reasonable time after plaintiff re-entered the train was negligence as a matter of law; and second, it encroached upon the province of the jury in submitting to the jury the question as to the plaintiff being put to the election of either being carried beyond his destination or jumping from said train while in motion, and in not defining a reasonable time. We do not think the charge subject to either of the objections raised by appellant. It told the jury that if plaintiff re-entered the train with knowledge of the conductor for the purpose of procuring his baggage, that then it became the duty of the conductor to hold the train a reasonable time to allow plaintiff to get the balance of his baggage and get off the train. It left to the jury the question of negligence on the part of the conductor, i. e., as to whether the train was held a reasonable time. The charge was proper and said assignment is overruled.

The fifth assignment of error complains of the action of the court in refusing the following special charge requested by defendant: "You are instructed that if you find that the negligence, if any, of the defendant existed, but that such negligence was not the proximate cause of the injury, but on the contrary, that after the negligence of defendant, if any occurred, plaintiff with knowledge of the negligence of the defendant acted as a person of ordinary prudence would not have acted and thereby sustained injury, you will return a verdict for the defendant." We do not think the court erred in refusing this charge. The court charged upon the issue of contributory negligence. The facts do not call for a charge upon proximate cause. The immediate cause of the injury was the entering upon the train and jumping therefrom while it was in motion. The charge requested is not a correct annunciation of the law, and there was no error in refusing the same.

Appellant's next assignment presented in its brief complains of the refusal of the court to give the following special charge requested by it: "You are instructed that the degree of care incumbent upon plaintiff on the occasion in question was to use such discretion and care as a person of ordinary care in the same physical condition as he was in would have used. In this connection you are instructed that it was the duty of

plaintiff to have been ready to disembark with reasonable dispatch, so as not to delay the train or unnecessarily impede travel." It is contended that this charge should have been given in view of the evidence, which shows that the plaintiff was nearly 63 years old and weighed 264 pounds, and that he could not hear well.

The court had given the charge of contributory negligence to the effect that it was the duty of the plaintiff to use such care and prudence to prevent accidents and injury to himself as a person of ordinary prudence would have used under similar circumstances, and it directs the jury that if they find that plaintiff failed to use such care in re-entering said train, as above explained, or in jumping therefrom as he did, then he would be guilty of contributory negligence and could not recover.

We think the charge given fairly embraced the proposition contained in the special charge requested by defendant, and there was no error in refusing said special charge.

The seventh and eighth assignments are overruled for the reasons above stated.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

Writ of error refused.