

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 16, 1969

Honorable Robert S. Calvert          Opinion No. M-492
Comptroller of Public Accounts
State Capitol Building          Re: Liability of a Tax
Austin, Texas          Collector with regard
          to the issuance of a
          tax certificate under
          House Bill No. 322, Acts
          61st Legislature, Regular
          Session, 1969, codified
          as Article 7258b, Vernon's
          Civil Statutes.

Dear Mr. Calvert:

Your recent opinion request poses the following two questions with respect to the captioned House Bill No. 322, to-wit:

"1. Is the tax collector and/or his bond liable for any tax due a taxing authority, in a case where an innocent purchaser was issued a tax certificate showing no taxes due?

"2. Define the word 'NEGLIGENT' as used in Section #4 and state, if in your opinion, a tax collector must be considered negligent in every case where he may over-look taxes due and issues a tax certificate indicating no taxes due."

Relevant to your questions are the first four sections of said House Bill No. 322, which are quoted as follows:

"Section 1. The tax collector or his deputy of any county in this state, or of any city or political subdivision or tax assessing district within any such county shall, upon request, issue a certificate showing the amount of taxes, interest, penalty and costs due, if any, on the property described in said certificate. This certificate shall contain a certification by the tax collector that he has checked each delinquent tax report, supplemental delinquent tax record and recompiled delinquent tax report from the last tax cancellation date, or to the extent of his records, up to and

- 2345 -

including the records in present use. A charge of not to exceed $2 may be made for each such certificate issued.

"Sec. 2. (a) When any such certificate so issued shows all taxes, interest, penalty and costs on the property therein described to be paid in full to and including the year therein stated, the said certificate shall be conclusive evidence of the full payment of all taxes, interest, penalty, and costs due on the property described in said certificate for all years to and including the year stated therein. Said certificate showing all taxes paid shall be admissible in evidence on the trial of any case involving taxes for any year or years covered by such certificate, and the introduction of the same shall be conclusive proof of the payment in full of all taxes, interest, penalty, and costs covered by the same.

"(b) The provisions of this Act shall be applicable only in suits where the State of Texas or any political subdivision thereof sues for unpaid taxes. Such certificate shall not be conclusive in suits in which the title for land is involved in any manner in suits between private citizens.

"Sec. 3. In the event a tax certificate is issued showing no taxes, interest, penalty, and costs due, when in fact taxes, interest, or penalties were due, and the owner of the land is not that person under whom the taxes, interest, penalty, and costs became delinquent, the tax collector may issue, on request, a certificate relieving the property from liability and stipulating that the delinquent taxes, interest, penalty, and costs are thereafter the personal liability of the person under whom the taxes became delinquent. This cancellation certificate plus a copy of the tax certificate and an affidavit stating that an error was made and that no fraud or collusion existed shall be submitted to the commissioners court. Thereafter, this cancellation certificate shall be conclusive proof for all purposes that neither the land nor the present owner is liable for the delinquent taxes, interest, penalty, and costs.

"Sec. 4. If either a tax certificate or a cancellation certificate is issued or secured through fraud or collusion, the same shall be void and of no force and effect, and any such tax collector or his deputy shall be liable on his official bond for any loss resulting to any such county or city or political subdivision or tax assessing district or the State of Texas, through the fraudulent or collusive or negligent issuance of any such certificate."

The predecessor statute to House Bill No. 322 was Article 7258a, Vernon's Civil Statutes, which was passed by the Legislature in 1929 with regard to counties containing cities of 210,000 population or more, and which was made applicable to all Tax Collectors in Texas by an amendment passed in 1953. Section 2 of such former law read as follows:

"Sec. 2. If any such certificate is issued or secured through fraud or collusion, the same shall be void and of no force and effect, and any such Tax Collector or his deputy shall be liable upon his official bond for any loss resulting to any such County or city or political subdivision or tax assessing district or the State of Texas, through the fraudulent or collusive or negligent issuance of any such certificate. Acts 1929, 41st Leg.2nd C.S. p. 153, ch. 77."

It is readily seen that the only difference in Section 2 of the old statute and Section 4 of the new is that Section 4 is applicable not only to tax certificates but to cancellation certificates which are authorized for the first time by the new Act.

International Paper Company v. State, 380 S.W.2d 18 (Tex.Civ.App. 1964, error ref. n.r.e.) involved a suit by the State against a Tax Collector and the sureties on his bond for loss resulting from the negligent issuance of a tax certificate. The State did not plead any fraud or collusion. The Court reversed the trial court's dismissal of the suit as to the Tax Collector and his bondsman and remanded the cause for trial on its merits, thereby expressly holding that a cause of action lies for loss to a taxing unit resulting from the negligent issuance of a tax certificate.

We have carefully studied House Bill No. 322 as a whole, paying special attention to Section 3, which is entirely new, and the new provisions of Section 1, and we perceive nothing to alter or modify the holding in International Paper Company v. State, supra, or the clear and unambiguous language of Section 4. It is noted in passing that under Section 4 only fraud or collusion can render a tax certificate or cancellation certificate absolutely void, but a cause of action is carefully provided for the negligent issuance of a certificate.

Therefore, in answer to your first question, it is the opinion of this office that a Tax Collector and his bondsman are liable, in the words of the statute, ". . . for any loss resulting to any such County or city or political subdivision or tax assessing district or the State of Texas, through the fraudulent or collusive or negligent issuance of any such certificate."

Turning to the first part of your second question, since the word "negligent" is not defined in House Bill No. 322, we must look to the general law for a proper definition. The following definition, supported by numerous Texas decisions, is quoted from 40 Texas Jurisprudence 2d 722, Negligence, Section 175:

"Negligence may be defined as the failure to use ordinary care. And it is observed that the test of negligence is the exercise of ordinary care. More specifically, negligence may be defined as a failure to do that which an ordinarily prudent person would have done in the same or similar circumstances, or as the doing of that which an ordinarily prudent person would not have done in the same or similar circumstances."

There can be no actionable negligence without the existing of a duty and a breach of that duty. 40 Tex.Jur. 2d 447, Negligence, § 5. With regard to checking the records of his office preliminary to the issuance of a tax certificate, Section 1 of House Bill No. 322 provides:

"This certificate shall contain a certification by the Tax Collector that he has checked each delinquent tax report, supplemental delinquent tax record and recompiled delinquent tax report from the last tax cancellation date, or to the extent of his records, up to and including the records in present use."

It thus appears that the Legislature has limited the duty of the Tax Collector with respect to the type and number of records that he should check preparatory to the issuance of a tax certificate. The full duty of the Tax Collector with respect to the act of issuing a tax certificate, as indicated in House Bill No. 322, is to carefully check the records mentioned and to carefully certify in writing the information revealed by such records.

This brings us to a direct consideration of the last part of your second question, i.e., ". . . state, if in your opinion, a tax collector must be considered negligent in every case where he may over-look taxes due and issues a tax certificate indicating no taxes due."

Ordinarily the existence of neligence under a particular set of facts is a question of fact, to be determined by the jury or the court in the absence of a jury. Negligence is established as a matter of law only when the evidence is undisputed and reasonable minds can arrive at but one conclusion, or where the act or omission appears so opposed to the dictates of common prudence that it can be said, without hesitation or doubt, that no careful person would have committed it. Gulf, C. & F. Ry. Company v. Gascamp, 69 Tex. 547, 7 S.W. 227 (1888); Lang v. Henderson, 147 Tex. 353, 215 S.W.2d 585 (1948).

The Texas courts have also adhered to the rule that where there is evidence showing some care, and the question is one of the sufficiency of the care, a question of fact for the jury is presented. Wichita Valley Ry. Company v. Fite, 78 S.W.2d 714 (Tex.Civ.App. 1934, no writ); Gulf, C. & S.F. Ry. Company v. Gaddis, 208 S.W. 895 (Tex.Comm. App. 1919); Henwood v. Gilliam, 207 S.W.2d 904 (Tex.Civ. App. 1947, error ref.).

Under these well-established rules, we are not prepared to say that a Tax Collector is invariably negligent as a matter of law where he overlooks taxes due, as revealed by the records which he has the duty to carefully review, and issues a tax certificate indicating no taxes due. However, it is our opinion that such circumstances would inescapably raise the issue of negligence, at least for determination as a question of fact, and under many, if not most, circumstances the Tax Collector would be standing in tremendous jeopardy of being found guilty of actionable negligence as a matter of law.

## S U M M A R Y

Under House Bill No. 322, Acts 61st Legislature, Regular Session, 1969, Article 7258b, Vernon's Civil Statutes, a Tax Collector or his deputy is liable on his official bond for any loss resulting to any tax unit through the fraudulent or collusive or negligent issuance of a tax certificate. The word "negligent," as used in said House Bill No. 322 may be fairly and substantially defined as the failure to do that which an ordinarily prudent person would have done in the same or similar circumstances or the doing of that which an ordinarily prudent person would not have done in the same or similar circumstances. When a Tax Collector "overlooks" taxes due as reflected by the delinquent tax report or the supplemental and recompiled delinquent tax reports or records of his office, and issues a tax certificate indicating no taxes due, a question of negligence is inescapably raised. Whether actionable negligence is actually present will be determined by the tries of facts based upon the facts and circumstances of the particular case.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

AW:pj

Prepared by Alfred Walker
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman

Jack Goodman
Jack Sparks
Dyer Moore, Jr.
Jim Swearingen

MEADE F. GRIFFIN
Staff Legal Assistant

HAWTHORNE PHILLIPS
Executive Assistant

NOLA WHITE
First Assistant