ROBERTSON et ux. v. BUCK X-OGRAPH CO. et al.

No. 12313.

Court of Civil Appeals of Texas. Dallas.

Feb. 19, 1938.

J. J. Fagan and A. L. Noren, both of Dallas, for appellants.

F. W. Bartlett, W. L. Thornton, and O. D. Montgomery, all of Dallas, for appellees.

BOND, Chief Justice.

This suit was instituted by Fred Robertson and wife, Mrs. Cordie Robertson, appellants herein, against Buck X-Ograph Company, a corporation, and George A. Neely, individually, to recover damages alleged to have resulted from the negligence of the appellee George A. Neely in driving an automobile upon a highway in this state while in the employ of the appellee Buck X-Ograph Company, causing a collision and resultant injury to Mrs. Robertson.

The negligence complained of by appellants consist of George A. Neely operating his automobile at an excessive rate of speed; and failing to equip the automobile with adequate brakes in good working order; to sound any gong or horn, or give any warning in approaching the place of the accident; and to keep a proper lookout, and stop the automobile after discovering Mrs. Cordie Robertson in a perilous situation. It is alleged that each and all of such acts were the proximate cause of the collision and injury.

The answer of the defendants, appellees herein, consist of general demurrer and general denial, and special answer that the appellee George A. Neely, at the time of the alleged accident was an independent contractor working for Buck X-Ograph Company, under a contract whereby the company did not exercise any control over the details of the work then performed by him, the territory he should cover, or the hours that he should work; and, further, appellant Mrs. Cordie Robertson was guilty of contributory negligence which proximately caused the accident resulting in her injury, in that Mrs. Cordie Robertson, while crossing the highway, stopped in the middle of the paved portion of the road, thereby leading the operator of the automobile, George A. Neely, to believe that it was her intention to permit him to pass her when she suddenly dashed into the side of the car; and that Mrs. Cordie Robertson failed to keep a proper lookout, at the time of the accident, for automobiles using the highway to avoid injury to her.

The cause was submitted to a jury upon special issues and, in response thereto, the jury found, in effect, that George A. Neely was guilty of negligence in operating the automobile at a speed of 35 miles per hour, proximately causing the collision in question and resultant injury to Mrs. Cordie Robertson; and that, at the time of the collision, George A. Neely was employed and under the control and direction of and performing work for the Buck X-Ograph Company; and the jury further found that Mrs. Cordie Robertson, at the time of the collision, had not entirely crossed the paved portion of the highway, and did not stop in the middle of the highway; but that she was guilty of negligence in failing to keep a proper lookout for her own safety in going across the highway, which negligence was the proximate cause of the collision and injury she sustained. The jury found the resultant damages to be $350.

In due time and order, each of the parties filed motion—appellants, to set aside the verdict of the jury and grant a new trial; and appellees, to enter judgment on the findings of the jury. The trial court, accordingly, entered judgment against appellants and in favor of appellees.

Appellants assigned error on the action of the court in refusing to set aside the verdict of the jury and to grant a new trial, on the grounds of alleged conflict in the findings of the jury, in that the jury found the defendant Neely guilty of primary negligence as to the speed of the automobile, and that such negligence was the proximate cause of the collision in question; and found also that the plaintiff Mrs. Cordie Robertson was guilty of contributory negligence in failing to keep a proper lookout for her own safety in crossing the highway,

and that such negligence was the proximate cause; and acquitting her of completing her journey across the roadway and stopping in the middle of the road. We fail to find any conflict in the findings of the jury.

 The jury having found that the defendant Mrs. Cordie Robertson was guilty of negligence in failing to keep a proper lookout, and that such negligence was a proximate cause of the collision, presents, we think, controlling group issues which render immaterial all findings of primary negligence on the part of the defendants. A plaintiff guilty of contributory negligence proximately causing a collision and injury cannot recover for a like or similar negligence on the part of a defendant. Such findings of the jury constitute independent and controlling issues, and, irrespective of the findings of negligence on the part of the defendant, plaintiff cannot recover because of her own negligence, consistent with the negligence of the defendant. Ford Rent Co. v. Hughes, Tex.Civ.App., 90 S.W.2d 290.

The controlling evidence in this case shows that an automobile accident occurred on a heavily traveled highway just opposite the residence of Mrs. Cordie Robertson. Mrs. Robertson was attempting to cross the highway on foot and, before entering upon the paved portion thereof, she saw approaching automobiles from both directions, about 300 feet distant, one of which was the automobile driven by George A. Neely. She continued her journey, notwithstanding the approaching cars, without again looking to the right or left, and before reaching the opposite side of the road was struck down by Neely's automobile. Under such circumstances, we think that Mrs. Robertson was not relieved of duty at every point of her travel to keep a proper lookout for her own safety and to exercise such degree of care as to look again for the approaching cars; she should not have relied, if she did, upon the operators of the approaching cars to exercise the care which the law undoubtedly imposes upon them, and as to which the jury found appellee Neely guilty.

Appellants raised no question, in brief or otherwise, challenging the finding of the jury, as not having support in the evidence; therefore the findings bear complete verity of the facts found, and, having found that the plaintiff Mrs. Robertson was guilty of negligence, proximately causing her injury, appellants cannot recover. Southland-Greyhound Lines v. Richardson, 126 Tex. 118, 86 S.W.2d 731. The failure of the plaintiff to keep a proper lookout in nowise conflicts with the other findings of the jury, that the defendant was also guilty of negligence with reference to the speed of the automobile. The findings are entirely consistent.

Appellants further contend that the court erred in failing to submit to the jury an issue of discovered peril. Fatal to this contention is: Appellants did not raise any objection to the court's charge or submit requested issue or assign error, in the failure of the court to submit such defense, if, in fact, the evidence raised the issue. It is well settled that, where a case is tried to a jury on special issues, unrequested and unsubmitted issues are not grounds for reversal of the judgment, they are deemed to be waived. Stone v. City of Wylie, Tex. Com.App., 34 S.W.2d 842, 844; Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.2d 1084.

We have considered all of appellants' assignments and, finding no error, the judgment of the court below is affirmed.

Affirmed.

YOUNG, J., not sitting.