Robert Milton RIAL et al., Appellants,

v.

Carl CURTIS, Appellee.

No. 12774.

Court of Civil Appeals of Texas.

Galveston.

Dec. 9, 1954.

Rehearing Denied Jan. 13, 1955.

Dyess, Dyess & Jennings, and Max H. Jennings, Houston, for appellant Robert Milton Rial.

Fulbright, Crooker, Freeman, Bates & Jaworski and W. N. Arnold, Jr., Houston, for appellant Boehck Engineering Co., Inc.

Philip M. Shafer, J., Curtiss Brown, and W. James Kronzer, Houston, and Hill, Brown, Kronzer & Abraham, Houston, of counsel, for appellee.

HAMBLEN, Justice.

This is a damage suit arising out of a collision between an automobile driven by the appellant Rial, and the appellee Curtis, a pedestrian. The trial in the District Court of Harris County was before a jury, which, in response to special issues submitted, found the appellant Rial negligent on seven counts, each proximately causing the collision and resulting damages. The jury acquitted the appellee of negligence on each of the grounds alleged by the appellants, and found that the collision was not the result of an unavoidable accident. Damages were assessed by the jury in the sum of $20,750, $204.45 of which was voluntarily remitted by appellee. Joint and several judgment in the sum of $20,545.55 was rendered in appellee's favor against appellant Rial, and appellant Boehck Engineering Co., the latter being the employer of Rial, and being sued under the doctrine of respondeat superior. Judgment in the same amount was rendered in favor of appellant Boehck Engineering Co. upon its cross-action against appellant Rial.

Appellants present three points, none of which, for the reasons which we will state, assert error which requires a reversal of the judgment entered.

The collision occurred at the intersection of Broadway and La Porte Road in the City of Houston. Broadway runs approximately north and south. La Porte Road runs approximately east and west, and intersects Broadway from the east, but does not cross Broadway, thus forming a "T" shaped intersection, which compels vehicles travelling west on La Porte Road, upon reaching the intersection, to turn either to the right and north on Broadway, or to the left and south on Broadway. Both vehicular and pedestrian traffic at the intersection is controlled by traffic signal lights and arrows, and pedestrian lanes are marked or painted on the street pavement. The traffic signals are so arranged that vehicular traffic from La Porte Road, turning to the left into Broadway is permitted to move simultaneously with pedestrian traffic from the west side of Broadway crossing to the southeast corner of the intersection. Both streets are of sufficient width to permit the movement of two lanes of vehicular traffic in each direction.

Appellant Rial testified that immediately prior to the collision he was proceeding west on La Porte Road, travelling in the inside lane in order to make a left turn into Broadway. That he stopped at the intersection in compliance with the existing traffic signal, and upon the proper signal being indicated, he proceeded into the intersection at a speed of 10 to 12 miles per hour, and turned his automobile to the left. After so turning, and after he had crossed the marked pedestrian lane across Broadway some 12 to 15 feet, appellee stepped suddenly in front of his vehicle, too close thereto to permit appellant to stop or otherwise avoid striking appellee. Appellant Rial testified that as he negotiated the turn to the left, he looked and saw no one in the pedestrian lane crossing Broadway, but that he saw appellee standing on the curb some 12 or 15 feet south of the pedestrian lane, and that appellee gave no indication of an intention to cross in front of his vehicle. Rial's testimony as to appellee's location south of the pedestrian lane immediately before and at the time of the collision was corroborated by the witness, Mrs. J. D. Baisden, III. This witness estimated the automobile's speed at 20 or 21 miles per hour.

Appellee testified that immediately before the collision he was standing on the west side of Broadway awaiting the proper signal before proceeding across to the southeast corner of the intersection; that he was familiar with the intersection and the traffic control signals, and that traffic was very heavy at the time. That upon the proper signal being indicated, he looked to the right and to the left, and seeing no vehicles approaching, proceeded to cross Broadway within the marked pedestrian lane. When he had taken from two to five steps in that direction, he looked to his left, and saw appellant Rial's vehicle approaching him at approximately 30 miles per hour and some 12 to 15 feet distant from him. Appellee's testimony as to his location within the pedestrian lane was corroborated by the witness Odom, who estimated Rial's speed at 18 miles per hour. No witness testified to having seen Rial's vehicle until it was in the intersection turning to the left. The jury found that appellee was in the pedestrian lane.

Appellants' points one and two are directed to the asserted error of the trial court in overruling their motions for instructed verdict, and for judgment non obstante veredicto, both of which motions, as well as their points so numbered, are based upon the proposition that the facts as heretofore summarized, convict the appellee as a matter of law of contributory negligence in failing to keep a proper lookout for his own safety, which negligence proximately caused the collision and resulting damages. We are unable to agree with this proposition.

The question of whether or not a given set of facts constitute negligence is almost always a question of fact for the jury. In Texas & Pacific Railway Co. v. Hill, 71 Tex. 451, 9 S.W. 351, 353, the Supreme Court of Texas uses the following language: "We have been cited to no case where it had been held competent for the

court to charge upon any particular combination of facts as constituting negligence, save when so declared by law. Courts have insisted upon the right in plain cases to exercise such prerogative, but it has been a barren right, and no exercise of it is known to us by our courts." The general rule is stated by the Supreme Court in the early case of Gulf, C. & S. F. Ry. Co. v. Gascamp, 69 Tex. 545, 7 S.W. 227, 228, as follows: "According to the rule in this court, in order that an act shall be deemed negligent per se, it must have been done contrary to a statutory duty, or it must appear so opposed to the dictates of common prudence that we can say, without hesitation or doubt, that no careful person would have committed it."

The only statutory duty asserted by appellants to have been violated by appellee was that of attempting to cross outside of the marked pedestrian lane. The jury resolved that contention against appellants. To bring themselves within the rule stated by the Supreme Court, appellants are limited to the contention that appellee's action was so opposed to the dictates of common prudence that we can say without hesitation or doubt that no careful person would have committed it. No case has been cited wherein a pedestrian proceeding across a signal-controlled intersection has been held guilty of negligence as a matter of law for failing to keep a proper lookout. We have carefully examined Psimenos v. Huntley, Tex.Civ.App., 47 S.W.2d 622; Robertson v. Buck X-Ograph Co., Tex.Civ.App., 114 S.W.2d 308; Stehling v. Johnston, Tex.Civ. App., 32 S.W.2d 696; Townsend v. Young, Tex.Civ.App., 114 S.W.2d 296; Cannady v. Dallas Ry. & Terminal Co., Tex.Civ.App., 219 S.W.2d 816; and Todd v. La Grone, Tex.Civ.App., 234 S.W.2d 99, all of which are cited and relied upon by appellants. In each of these cases there was involved the question of the sufficiency of the evidence to support a jury finding of contributory negligence in failing to keep a proper lookout. None of the cited cases held that failure to keep a proper lookout had been proven as a matter of law, and thus none

is considered analogous to or determinative of the present case.

In Schawe v. Leyendecker, Tex.Civ. App., 269 S.W. 864, the plaintiff was held guilty of contributory negligence as a matter of law in driving into an earthen embankment. It was undisputed that plaintiff was driving in excess of the statutory speed limit, and that the embankment was visible for 300 to 400 yards. The court held that reasonable minds could reach only one conclusion—that plaintiff had failed to observe the road ahead and discover the barricade. In Hoey v. Solt, Tex.Civ.App., 236 S.W.2d 244, the plaintiff drove into the rear of a vehicle which had stopped in obedience to a traffic signal, and the court held such action to constitute negligence as a matter of law. Both of the last cited cases seem to this Court to fall clearly within the rule stated by the Supreme Court in that the actions were so opposed to the dictates of common prudence that we can say without hesitation or doubt that no careful person would have committed them. But neither case seems in any way analogous to the present case. Our law defines a proper lookout as such lookout as a person of ordinary prudence would keep under the same or similar circumstances. Appellee testified that he looked to the right and to the left before starting across Broadway in a marked pedestrian lane with a favorable traffic signal. Under such circumstances, whether he kept such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances is a question of fact for the jury. The jury resolved that fact against appellants. Their points one and two are overruled.

No act of negligence was alleged against appellant Boehck Engineering Co., recovery being sought only under the doctrine of respondeat superior. By cross-action, Boehck Engineering Co. asked that in the event any recovery be had by appellee against it, that it recover over against appellant Rial. By motion in limine, appellee requested that appellant Boehck Engineering Co. not be permitted to read the allegations and prayer of

·such cross-action to the jury. The asserted ·error of the trial court in sustaining such motion forms the basis of appellants' third ·point.

We find no merit in appellant's ·position. In the first place, judgment upon ·such cross-action was entered as prayed for, ·thus no harm is shown. In the second ·place, the issues raised in such cross-action, ·in the light of the remaining pleadings, and ·issues joined thereby, presented only ques-·tions of law with which the jury was in no ·way concerned. To have read the cross-·.action to the jury could result only in in-·forming the jury of the possible effect of ·their fact findings, and thus destroy the ·very purpose of special issue submission. ·Under such circumstances, it has been held proper not to read such pleadings to the jury. Texas Employers Ins. Ass'n v. Poe, Tex., 253 S.W.2d 645; Johnson v. Wil-·loughby, Tex.Civ.App., 183 S.W.2d 201.

Judgment of the trial court is affirmed.