**Ben F. HASSELL et al., Appellants,**

v.

**Lyndell H. CROFT.**

No. 3649.

Court of Civil Appeals of Texas.

Waco.

April 30, 1959.

Rehearing Denied May 28, 1959.

Alton King, Palestine, for appellants.

B. R. Reeves, Palestine, for appellee.

TIREY, Justice.

This cause involves the contest of the last will and testament of David Hassell. The proponents prevailed in the County Court and contestants seasonably perfected their appeal to the District Court of Anderson County. At the conclusion of the evidence the Court overruled the motion of proponents and that of the contestants for an instructed verdict, and submitted to the jury only one issue for its determination, and it is: "Do you find from a preponderance of the evidence that the instrument bearing date of March 8, 1954, and purporting to be the last will and testament of David Hassell, deceased, was procured through undue influence exercised upon David Hassell by Lyndell H. Croft?" To which the jury answered "No." There were no exceptions and objections to the Court's charge. The contestants submitted four requested special issues, each of which was refused. The Court overruled contestants' motion for judgment and granted proponents' motion, and in the decree we find this recital: "* * * that the testator, David Hassell, deceased, at the time of the execution of said will was not laboring under undue influence; and it further appearing to the Court that David Hassell was more than nineteen years of age at the time of the execution of said will, and it further appearing that David Hassell died in Anderson County, Texas, on the 18th day of July, A.D.1957, and that the said David Hassell resided and had his domicile in Anderson County, Texas, where all of his property was situated at the time of his death, and that the Courts of Anderson County, Texas, have jurisdiction of his estate and of this cause, and that said will dated the 8th day of March, 1954, was witnessed by R. W. Lawrence and B. R. Reeves, and that said will was signed by testator, David Hassell, in the presence of said witnesses, each of whom were credible witnesses above the age of fourteen years, and who attested said will by subscribing their names thereto in the presence of the testator, David Hassell, at his request and in the presence of each other, and that said David Hassell executed said will now produced in open court with such formalities and solemnities and under the circumstances required by law to make it a valid will, and that said will has not been

revoked by the testator." The Court admitted the will to probate, and decreed that contestants take nothing by reason of their contest and adjudged the costs against contestants. The contestants seasonably perfected their appeal to the Houston Court and the case is here on transfer order.

The judgment is assailed on what appellants have designated as nineteen points. Point one is: "The Trial Court erred in overruling Appellants' Motion for Judgment in their favor, and further erred in refusing to enter judgment denying probate of the document dated March 8, 1954." Point five is: "The Court erred in finding as a fact that each of said witnesses, R. W. Lawrence and B. R. Reeves, were credible witnesses who attested said will by subscribing their names thereto in the presence of * * * David Hassell." The Honorable R. W. Lawrence testified to the effect that he was a duly licensed lawyer and was engaged in the practice of his profession at Palestine, Anderson County, and that he had been so engaged there for a period of five years; that on the 8th day of March, 1954, he was introduced to Mr. David Hassell by the Honorable B. R. Reeves, attorney for the proponents in this cause, and proponents Exhibit No. 5 (the will offered for probate) was exhibited to the witness who testified further to the effect that he saw the testator, David Hassell, execute this will on the 8th day of March, 1954, and that he signed such as his last will and testament in the presence of the attesting witnesses. Mr. Lawrence testified specifically: "As I recall, I saw this instrument and Mr. Hassell and the gentleman seated next to you at the council table in the office which you and I had in the Martin Building. I believe that they were in your private office and you came to my office which adjoins yours, and asked me to come to your office. I did and the Mr. David Hassell signed this will. * * * Mr. Hassell signed this will, and then at his request you and I witnessed it. * * *

Well, as I recall, after I witnessed the will, I returned to my office." He further testified that Mr. Hassell was more than 21 years of age at that time, and that he and Mr. Reeves were more than 21 years of age at the time, and that Mr. Hassell was a person of sound mind; that so far as he knew the instrument executed by Mr. Hassell was never revoked before his death. Much testimony was tendered in this cause. In fact, the statement of facts contains something over 600 pages. Since the instrument purporting to be the last will and testament of David Hassell was tendered in evidence, and since the Honorable R. W. Lawrence testified to the effect as above set out, it is obvious that the contestants were not entitled to an instructed verdict, and that an issue was presented for the jury's determination. As to the duty of the reviewing Court, see statement of the rule in Ayala v. Maume, Tex.Civ. App., 318 S.W.2d 698, points 1 to 6, on pages 701–702 (N.R.E.). Accordingly appellants' point one is overruled. Appellants' fifth point is to the effect that the Court erred in finding as a fact that the witness R. W. Lawrence and B. R. Reeves were credible witnesses. On cross-examination the Honorable R. W. Lawrence testified in part:

"Q. * * * You did not know Mr. David Hassell personally, did you? A. No sir, I did not.

"Q. And you wouldn't be in a position to know whether or not he made a will after March 8, 1954, would you? A. I don't know whether he did or not.

"Q. You would be in no position to know whether he did or not, would you? A. I just don't know.

"Q. Well, you didn't know anything about Mr. David Hassell, did you, or his business? A. I have testified as to what I knew about the man, Mr. King. Other than that, I

don't know anything about his business, no.

"Q. Well, you wouldn't know whether he did or did not make a will after March 8, 1954? A. No sir, I just don't know.

"Q. Well, now, you did not know of your own knowledge who Mr. David Hassell was, did you? A. I was introduced to him. Outside of that—

"Q. You wouldn't know his identity at all? A. No sir, I wouldn't."

Appellants, in presenting Point 5 in their brief say:

"It is thus crystal clear that a subscribing witness to a formal will must not only subscribe his name thereto in the presence of the identical person named therein as testator, but he also must be a competent witness, able to testify under oath in open court and from his own knowledge about the execution and attestation of the purported will; and it is just as essential that the witness have personal knowledge of the named testator's true identity and be able to so testify to the actual facts as they existed at the time of the attestation as it is for such witness to actually perform the act of attestation as required of him by the statute. It definitely means that he must know of his own knowledge that his attestation to such will is in fact and in truth in the presence of the same, identical person named in the will which he purports to attest. Mr. Lawrence could only testify to the details of his own personal knowledge of the identity of the person before whom he appeared. Having no personal knowledge of the truth or falsity of the statement of identity as may have been embraced in the mere ex parte introduction by Mr. Reeves, witness Lawrence could not give competent testimony regarding identity. Hearsay, which rests upon the veracity or competency of another person from whom the witness obtains his information, is never competent evidence of probative force."

As we understand the foregoing statement, as well as the statements made by appellants' counsel in oral argument before this Court, appellants are of the view that owing to the fact that the Honorable R. W. Lawrence had not seen the testator before he was introduced to him by the Honorable B. R. Reeves, that such witness was not competent to testify that he saw the testator sign his name to the will and was not competent to testify as to whether or not David Hassell was of sound mind at the time he executed the will. Needless to say there is no merit whatsoever in such contention. Surely a practicing attorney duly licensed under the State of Texas who practices his profession is competent to testify that when a person is introduced to him as bearing a certain name and desires to execute his last will and testament and requests him to witness his signature that such witness is competent under our V.A.T.S. Probate Code, § 84, and if there is any objection to his testimony it would necessarily go to the weight of it and this, of course, would be a question for the jury. Appellants' contentions here set out are new to us and he cites no authority to sustain him, and we certainly have not found any. Moreover, we think the evidence is ample to sustain the verdict of the jury.

We have considered very carefully each of the remaining nineteen points assailing the judgment and we find no merit whatsoever in either of them. Moreover, we are of the further view that a detailed discussion of appellants' remaining points would be of no precedential value.

Accordingly, the judgment of the Trial Court is in all things affirmed.