Murry BRYANT, Appellant,

v.

John HAMLIN et al., Appellees.

No. 16256.

Court of Civil Appeals of Texas.

Dallas.

Dec. 6, 1963.

Rehearing Denied Jan. 3, 1964.

■

———◆———

Muse, Currie & Kohen, Dallas, for appellant.

Earl Luna and Wise & Stuhl, Dallas, for appellees.

BATEMAN, Justice.

This is a will contest. Appellant is the proponent and appellees are the heirs at law and contestants. After denial of probate by the probate court, there was a jury trial on appeal in the district court. At the conclusion of appellant's evidence, the court on motion of appellees withdrew the case from the jury and denied probate of the will. For the reasons hereinafter given, we reverse and remand.

■ By his first three points of error appellant asserts that there was at least some evidence of probative value to show substantial compliance with § 88 of the Texas Probate Code, V.A.T.S., which sets forth the proof required for the probate of a will, entitling him to a jury trial. If there was such evidence, the judgment appealed from is incorrect and should be reversed. "If an issue of fact is raised by the evidence, it must go to the jury even though a verdict based on such evidence would have to be set aside as not supported by sufficient evidence." Maryland Casualty Co. v. Morua, Tex.Civ.App., 180 S.W.2d 194, err. ref.

■ In considering and deciding the question thus presented, it is the well established rule that credit must be given to all evidence favorable to appellant, every legitimate conclusion favorable to him indulged, and all adverse evidence disregarded. Texas & P. Ry. Co. v. Hagenloh, 151 Tex. 191, 247 S.W.2d 236; Wininger v. Ft. Worth & D. C. Ry. Co., 105 Tex. 56, 143 S.W. 1150.

The testator was one Z. B. Hamlin, an unmarried man who was alleged to have died in Dallas County on October 26, 1960, at the age of 65 years, leaving a duly executed written will dated August 3, 1959, on which the subscribing witnesses were E. O. Perry and J. D. Carney. This will was in evidence and on its face appears to be a valid will.

There are seven requirements set forth in Subdivisions (a) and (b) of § 88 of the Texas Probate Code, applicable to a case like this, and in discussing the evidence we shall first set forth the requirement of each subdivision of § 88, followed by the evidence claimed by appellant to constitute substantial compliance therewith.

§ 88 (a) (1) *That the person is dead, and that four years have not elapsed since his decease and prior to the application.* The witness Carney testified that he knew Hamlin very well during his lifetime, that he knew him at the time of his death in October of 1960 and had known him then approximately forty years. Moreover, it should be noted that in their first amended contest of the will, the appellees used the phrase "Zeb Bailey Hamlin, deceased" at least four times and alleged that a temporary administrator should be appointed to administer the estate of the decedent during the pendency of the will contest. Therefore, the evidence was sufficient to satisfy the first requirement.

■ § 88(a) (2) *That the court has jurisdiction and venue over the estate.* Of course, as pointed out in the Interpretative Commentary following Section 88, Probate Code, V.A.T.S., all county courts have original jurisdiction over estates and all district courts have appellate jurisdiction over them. Therefore we are concerned here only with the matter of venue, which is fixed by § 6 of the Probate Code in the county where the deceased resided if he had a domicile or fixed place of residence in the State. The witness Carney testified that during his lifetime Hamlin lived on a farm north of

Garland, and the witness Perry testified that he knew where Hamlin lived, that it was north of town, in Dallas County, he would say, although he did not know where the county line was. A prior will was in evidence dated July 23, 1958, which recited that Hamlin resided in Dallas County and that the will was signed in Dallas County. The will in question also recites Dallas County as being the residence of the testator. Appellees in their contest did not question jurisdiction or venue of either the Probate Court of Dallas County or the District Court of Dallas County but on the contrary recognized both jurisdiction and venue by praying the court to appoint a temporary administrator of the estate during the pendency of the will contest. Hence, we hold the evidence sufficient to meet the second requirement.

§ 88(a) (3) *That citation has been served and returned in the manner and for the length of time required by the Code.* The judgment of the probate court expressly recited "that every citation and notice required by law had been duly issued, served and returned in the manner and for the length of time required by law." Appellees argue that this judgment cannot be considered as it was not introduced in evidence in the trial *de novo* in the district court. However, it is in the transcript before us. The transcript also shows that the appellees' contest was filed just eight days after the application to probate the will was filed, indicating no lack of actual notice to appellees. Under these circumstances, we hold the proof was sufficient to carry the question to the jury.

§ 88(a) (4) *That the person seeking letters testamentary is entitled thereto by law and is not disqualified.* We find no evidence either way, but point out that a failure to establish a right to letters testamentary, or that the applicant is not disqualified, would not defeat the application to have the will admitted to probate. In fact, under § 178(a) the court would have had twenty days after admitting the will to probate in which to grant letters testamentary. Moreover, appellees in their brief in this court do not even mention this requirement.

§ 88(b) (1) *That the testator was at least 19 years of age and of sound mind.* The witness Carney testified that he knew for a fact that in August, 1959 Hamlin was more than 21 years of age, and the witness Perry testified that Hamlin was over 20 years of age and was a grown man. On the matter of soundness of mind of the testator, the witness Carney testified that after knowing Hamlin for forty years and seeing him and conversing with him he had formed an opinion as to whether at the time of signing the will Hamlin was of sound or unsound mind, and that at that moment he was of sound mind; that in August of 1959 he appeared like he had for forty years, as if he had a good mind on him. The witness Perry testified that during the time he knew Hamlin over a period of twenty years he had conversations with him just about every time he would see him; that through these conversations with him and his casual acquaintance with him he did form an opinion as to the soundness of his mind, and that in his opinion Hamlin did have a sound mind. We hold that this testimony would be sufficient to carry the issue to the jury. Hassell v. Croft, Tex.Civ.App., 324 S.W.2d 272, 274, err. ref. n. r. e.; Taylor v. Taylor, Tex.Civ.App., 281 S.W. 2d 232, 235, err. ref. n. r. e.

§ 88(b) (2) *That the testator executed the will with the formalities and solemnities required by law.* These solemnities and formalities are found in § 59 of the Probate Code. They require the signing of a written will by the testator and the attestation thereof by two credible witnesses above the age of 14 years, who shall subscribe their own names thereto in their own handwriting in the presence of the testator. E. O. Perry testified that he had lived in Garland, Texas since 1933, and J. D. Carney testified that he had lived in Dallas County fifty-eight years. **This**

should certainly establish, in the absence of evidence to the contrary, that these men were at least 14 years of age at the time of execution of the will. Without setting forth the testimony in detail, these two witnesses testified that Hamlin signed the will in their presence and they signed it as witnesses at the same time; that all three of them were present at the time of signing. Appellees introduced in evidence a written statement by Carney in which he stated that before the signing he read the will to Hamlin and that Hamlin, Murry Bryant, E. O. Perry and he were all in the same room when the signing was done by Hamlin, Perry and himself. Perry testified that Hamlin signed the will at the time he, Perry, signed it, and that Hamlin signed it in the presence of Perry. Several checks of Hamlin were introduced, and there was expert testimony that the signature thereto and that on the will were in the same handwriting. We consider all of this evidence together as being sufficient to show compliance with §§ 59 and 88(b) (2) of the Probate Code. Ludwick v. Fowler, Tex.Civ.App., 193 S. W.2d 692, err. ref. n. r. e.

§ 88(b) (3) *That the will was not revoked by the testator.* § 63 of the Probate Code provides only two means by which a will can be revoked: (1) A subsequent will, codicil, or declaration in writing, executed with like formalities, or (2) destruction or cancellation of the will by the testator or at his direction in his presence. The witness Carney testified that he knew of no other instrument executed by Hamlin since August 3, 1959 which would revoke this will. Obviously the will was not destroyed or cancelled because it was introduced in evidence. We hold that the evidence introduced was sufficient to meet this requirement. Wilson v. Paulus, Tex.Com.App., 15 S.W.2d 571, 573; Womack v. Woodson, Tex.Civ.App., 169 S. W.2d 786, 788, err. ref.; 44 Tex.Jur. "WILLS", p. 637–8, § 94.

Accordingly, appellant's first three points of error on appeal are sustained.

During the trial counsel for appellees repeatedly insisted that appellant's evidence as to the soundness of Hamlin's mind was not admissible because no proper predicate was laid therefor by showing that the witnesses had had sufficient personal contact with, and opportunities to observe the conduct, expressions, peculiarities, etc. of, the testator to form an intelligent opinion. In their brief in this court appellees endeavor to justify the trial court's action in withdrawing the case from the jury on the ground that such evidence, being inadmissible, was properly disregarded by the court, citing Brown v. Mitchell, 88 Tex. 350, 31 S.W. 621, 36 L.R.A. 64; Bell v. Bell, Tex.Civ.App., 248 S.W.2d 978, err. ref. n. r. e.; and Pickering v. Harris, Tex.Com.App., 23 S.W.2d 316.

Appellant's fourth point of error asserts that where the court has received evidence on behalf of the party having the burden of proof (appellant), even though the trial court may later decide that such evidence was legally inadmissible, the court could not properly disregard such evidence and render judgment against appellant without advising him that such evidence was being withdrawn from consideration of the jury and giving him an opportunity to produce other evidence which would be admissible. We sustain this point, on the authority of Woodall v. Adams, Tex.Civ.App., 7 S.W.2d 922, 925, no wr. hist., where the court said:

"While we hold that the deposition of Woodall was inadmissible as against appellees and should not have been admitted as against them, we think its admission misled appellant into the belief that it would be considered by the court in his behalf, and its withdrawal left him without any evidence upon a vital issue and perhaps without an opportunity to otherwise make proof of the matters inquired about in the propounded interrogatories. We do not think appellant should be so entrapped."

Reversed and remanded.