Manuel ARAMBULA, Appellant,

v.

J. M. DELLINGER, INC., Appellee.

No. 14572.

Court of Civil Appeals of Texas.

San Antonio.

April 12, 1967.

Rehearing Denied May 10, 1967.

Utter & Chase, Chas. N. Cartwright, Corpus Christi, Petry & Fitzpatrick, Carrizo Springs, for appellant.

Branscomb, Gary, Thomasson & Hall, Richard A. Hall, Corpus Christi, Andrew P. Johnson, Carrizo Springs, for appellee.

**458**

KLINGEMAN, Justice.

This is an appeal from a judgment that Manuel Arambula take nothing in a personal injury suit against J. M. Dellinger, Inc. For purposes of clarity, the parties will be referred to in this opinion as designated in the trial court, Manuel Arambula being the plaintiff and J. M. Dellinger, Inc., the defendant.

Plaintiff was a truck driver for a trucking company, hauling coldmix asphalt from railroad cars in Carrizo Springs, Dimmit County, Texas. Defendant was the owner and operator of a dragline machine unloading the asphalt from such railroad cars and placing it in trucks of plaintiff's employer. While loading operations were temporarily ceased, and the motor of the dragline machine was idling, plaintiff went between the dragline machine and a railroad car to get a drink of water from a water can located at the side of the dragline machine. While plaintiff was drinking water the dragline machine swung sideways in such a manner that the cab of the dragline machine pinned plaintiff against the railroad car and injured him.

Trial was before a jury, and in such trial plaintiff presented only one witness, the plaintiff, together with certain exhibits and medical records, and then rested. Defendant then filed a written motion for instructed verdict, contending that there was no evidence which raised a fact issue of any negligence on the part of defendant; that there was no evidence to raise a fact issue on plaintiff's claim of right to recover under the doctrine of res ipsa loquitur; that there was no evidence of discovered peril; that as a matter of law plaintiff was not more than a mere licensee; that defendant owed no duty to plaintiff which was breached; and that the evidence established, as a matter of law, that plaintiff was guilty of contributory negligence. The trial court granted defendant's motion for instructed verdict, discharged the jury, and entered a take-nothing judgment.

■ Since this is an instructed verdict case, full credit must be given to all evidence favorable to the plaintiff, every legitimate conclusion favorable to him indulged, and all conflicting evidence disregarded. 3 McDonald, Texas Civil Practice, §§ 11, 28, 1032; Air Conditioning, Inc. v. Harrison-Wilson-Pearson, 151 Tex. 635, 253 S.W. 2d 422; McAfee v. Travis Gas Corporation, 137 Tex. 314, 153 S.W.2d 442; White v. White, 141 Tex. 328, 172 S.W.2d 295; Bryant v. Hamlin, Tex.Civ.App., 373 S.W. 2d 837, writ ref'd n. r. e.

■ The evidence does not establish as a matter of law that plaintiff was not more than a mere licensee, and that defendant owed him no duty other than the duties owed to a licensee. The evidence showed that a part of plaintiff's job was to go on or about the premises where the accident occurred to pick up asphalt that was being unloaded from railroad cars; that on the day the accident happened he had already picked up one load, and had returned to pick up another load pursuant to his duties. The evidence further showed that the truck drivers on various occasions drank water from the water can where plaintiff was drinking at the time of the accident, and that plaintiff had done so on a number of previous occasions; that immediately before the accident one of defendant's employees was drinking water there, and that the cup from which plaintiff was drinking at the time of the accident was handed to him by one of defendant's employees. There is no evidence in the record as to who owned the premises where the accident occurred, and, on the face of it, plaintiff had as much right to be on or about the premises as defendant.

■ A person rightfully on the premises has the right to require that even the proprietor so conduct himself as not to injure such person through his active negligence. 40 Tex.Jur.2d, Negligence, § 68 (1962). The determination of whether a person is a licensee or an invitee is dependent upon the facts and circumstances sur-

rounding a particular case, and such facts and circumstances, sometimes involve matters of custom, whether it is to the mutual advantage of both the occupier of the premises and the person entering thereon for such person to be on the premises, whether the conduct of defendant and his employees was such as to amount to an implied invitation, and other matters. The evidence in the case before us at least raised a fact issue as to whether plaintiff was an invitee, a licensee, or a trespasser. The extent of duty owed by defendant to plaintiff is dependent on which status plaintiff enjoyed, and also to an extent on the foreseeability of the accident which occurred, and it is our opinion that the evidence raised a fact issue as to these matters.

Defendant also contends that plaintiff was negligent as a matter of law in failing to keep a proper lookout, in failing to listen, as a person of ordinary prudence would have listened, under the same or similar circumstances, and in positioning himself between the dragline and railroad car to obtain a drink. There is no evidence in the record that plaintiff saw or could have seen anything which would warn him that the machine was about to crush him, nor is there any evidence that any type of warning was ever given. As to the position that the plaintiff was in, the evidence showed that plaintiff, as well as other truck drivers on various occasions drank water from the same water can, at the same location, and that immediately prior to the accident defendant's employee was drinking water from such can and even handed plaintiff the cup from which he was drinking.

Ordinarily, contributory negligence is a question of fact for the jury's determination. City of Houston v. Glover, Tex.Civ. App., 355 S.W.2d 757, writ ref'd n. r. e.; Lane v. Dallas Transit Co., Tex.Civ.App., 331 S.W.2d 821, writ ref'd n. r. e.; Skyline Cab Co. v. Bradley, Tex.Civ.App., 325 S.W. 2d 176, writ ref'd n. r. e.; Longacre v. Reddick, Tex.Civ.App., 215 S.W.2d 404, no writ; 40 Tex.Jur.2d, Negligence, § 161

(1962). The Supreme Court in Gulf, C. & S. F. Ry. Co. v. Gascamp, 69 Tex. 545, 7 S.W. 227, said: "According to the rule in this court, in order that an act shall be deemed negligent *per se*, it must have been done contrary to a statutory duty, or it must appear so opposed to the dictates of common prudence that we can say, without hesitation or doubt, that no careful person would have committed it." We do not find from the evidence in this case that plaintiff was contributorily negligent as a matter of law, or that there was no fact issue on contributory negligence to go to the jury.

Plaintiff's basic contentions on appeal are that the trial court erred in granting defendant's motion for instructed verdict and removing the case from the jury, because plaintiff's evidence affirmatively raised issues of fact which showed a prima facie case of negligence on the part of defendant, and that plaintiff's evidence affirmatively raised issues of fact sufficient to present a prima facie case under the doctrine of res ipsa loquitur. Plaintiff pleaded various specific acts of negligence, including lookout, failed to warn, proper control, failure to keep machine in safe operating condition, placing said dragline machine too close to the railroad for safe operation at the time and place in question, and, in the alternative, the doctrine of res ipsa loquitur. The evidence does not definitely disclose whether one of defendant's employees was manipulating the machine at the time of the accident, whether such machine moved on its own accord, or just what caused it to move. The evidence does show that one of defendant's employees, a signalman who ordinarily signaled when the dragline machine was picking up asphalt, handed plaintiff the cup out of which he was drinking immediately prior to the accident, and was talking to him at the time of the accident, but that no one warned plaintiff of any movement of the machine, yelled at him, or gave him any type of warning. The evidence also shows that some type of repair work was being done on such machine immediately prior to the accident, that the

motor of the dragline machine was idling, and that plaintiff heard no speeding up or acceleration of the motor. The evidence also shows that the dragline machine was located in close proximity to the railroad car, a distance of about 3½ or 4 feet, with the water supply in this narrow space between the dragline machine and the railroad car, a distance so close that when the dragline machine was rotated in a manner opposite to the direction it normally moved in picking up asphalt it could and did pin a man standing in such narrow space against the railroad car.

Whether a given set of facts constitutes negligence is usually a question of fact for the jury. Gregory v. City of Garland, Tex.Civ.App., 333 S.W.2d 869, writ ref'd n. r. e.; Ambrose & Company v. Booth, Tex.Civ.App., 301 S.W.2d 223, writ ref'd n. r. e.; Watts v. Dallas Ry. & Terminal Co., Tex.Civ.App., 279 S.W.2d 400, writ ref'd n. r. e.; Rial v. Curtis, Tex.Civ. App., 274 S.W.2d 117, writ ref'd n. r. e.; 40 Tex.Jur.2d, Negligence, § 160 (1962). Where circumstances are such that reasonable minds may logically draw either an inference of actionable negligence or its absence, the issue is one of fact for the jury, and not one of law for the court. Davis Transport, Inc. v. Bolstad, Tex.Civ. App., 295 S.W.2d 941, no writ; Texas Emp. Ins. Ass'n v. Texas Compress Co., Tex.Civ. App., 284 S.W.2d 922, writ ref'd n. r. e.; Bock v. Fellman Dry Goods Co., 212 S.W. 635 (Tex.Comm'n App.1919).

From a consideration of all the evidence, we feel that the evidence sufficiently presented issues of fact on one or more of plaintiff's negligence allegations to require a submission to the jury. In view of a remand, we do not deem it necessary to discuss or pass on plaintiff's complaint of error under the doctrine of res ipsa loquitur.

The judgment of the trial court is reversed and the cause remanded for a new trial.