Vincent P. MARTINEZ, Appellant,

v.

Eduardo L. MARTINEZ, Appellee.

No. 1012.

Court of Civil Appeals of Texas, Tyler.

June 16, 1977.

Rehearing Denied July 14, 1977.

John Ken Sharber, Maebius & Duncan, Inc., San Antonio, for appellant.

Peter N. Plumb, Earl F. Levis, San Antonio, Michael M. deShetler, Allison & Garcia, Corpus Christi, for appellee.

McKAY, Justice.

This is an appeal from an instructed verdict granted in a suit brought by appellant seeking money damages for the loss of sight in his left eye alleged to have been sustained as a result of the negligence of appellee by discharging a "bottle rocket" which struck appellant. This act was alleged to be negligence per se as a violation of Section 26–15 of the City Code of San Antonio prohibiting the use of fireworks without a permit.[1] Appellee answered alleging that several acts of appellant constituted contributory negligence and that at the time of the accident appellant was a part of a civil conspiracy to violate the above mentioned ordinance; therefore, appellant would be barred from recovery. At the close of the plaintiff's evidence the trial court instructed a verdict in favor of appellee and rendered judgment that appellant take nothing.

Appellant brings four points of error which complain that the trial court erred in granting appellee's motion for instructed verdict because the evidence (1) affirmatively raised issues of fact which showed a prima facie case of negligence on the part of the appellee; (2) affirmatively raised issues of fact as to whether the appellee's act of igniting the bottle rocket was the proximate cause of the appellant's injury; (3) did not establish as a matter of law that appellant's negligence barred him from recovery; and (4) affirmatively raised issues of fact as to whether or not appellee breached a duty owed to appellant. Appellee by his three counterpoints contends that (1) appellant failed to make a prima facie case of appellee's negligence or that appellant's contributory negligence was a proximate cause of appellant's injury; (2) as a matter of law the appellee breached no duty owed by him to the appellant; and (3) as a matter of law the appellant is barred from recovery for the alleged negligence of the appellee due to the fact that he was engaged in a "civil conspiracy" as that term is understood in law and "was otherwise himself engaged in an illegal activity".

In considering whether an instructed verdict was proper an appellate court must view the evidence of the complaining party in its most favorable light in support of the finding of the vital fact, considering only the evidence and the inferences which support the finding and rejecting the evidence and the inferences which are contrary to the finding. *Douglass v. Panama, Inc.*, 504 S.W.2d 776, 777 (Tex. 1974); *Leyva v. Pacheco*, 163 Tex. 638, 358 S.W.2d 547, 550 (1962). In order to sustain the action of a trial court in granting a directed verdict, it must be determined that there is no evidence of probative value upon which the jury could have found on the

1. "Sec. 26–15. Fireworks.
   "It shall be unlawful for any person to in any manner use, shoot, discharge, explode, ignite, or display any fireworks within the city, except as provided for in this section.
   "Any citizen of the city may give a public fireworks display, provided he secures a permit therefor from the city council as herein provided. Application therefor shall be addressed to the city council, shall state the name and residence of the applicant, the time and place of the proposed exhibition, a description of the kind, character and quantity of the fireworks intended to be displayed, and shall be accompanied by a cashier's or certified check for twenty-five dollars.
   "The city council shall pass upon such application and may grant or reject same within its discretion. If same is rejected, the check for twenty-five dollars shall be returned to the applicant; if it is granted, such check shall be deposited to the general fund and be retained as a fee for the permit. A certified copy of the city council's action of approval shall constitute the applicant's permit.
   "No such permit shall be granted to any applicant more than twice during any calendar year, and any fireworks display thereunder shall be concluded not later than ten o'clock p. m. on the date specified under the penalty as provided in section 1–5 of this Code.
   "No such application shall be granted by the city council unless the written recommendation of the building inspector, the fire chief and the fire marshal have been endorsed thereon.
   "As used in this section the term 'fireworks' shall be given its usual and ordinary meaning, and shall include but not be limited to the following: firecrackers, Roman candles, sparklers, torpedoes, bombs, skyrockets, buzz bombs, atomic wings, aerial flash salutes, and trail blazers. (Code 1950, sec. 41–10; Ord. No. 18384, sec. 1, 10–2–52)"

issue in question or that the evidence conclusively establishes the opposite of the jury finding. *Douglass v. Panama, Inc.,* supra; Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex.L.R. 361, 363. With these principles in mind we will examine the evidence.

On the evening of December 31, 1974, appellee held a New Year's Eve party at his home located at 1322 Texas Avenue, San Antonio, Texas. Invited by "word of mouth" were a number of friends and relatives, including his brother, the appellant. Several of the participants provided food and beverages, some alcoholic, the appellee supplying the fireworks. At or about 11:30 p. m. some of the persons attending the party began lighting fireworks to celebrate the arrival of the new year. Appellant's participation in this activity was limited to popping firecrackers and lighting sparklers. At or about 12:00 midnight the appellee began shooting what are commonly known as "bottle rockets" in his back yard. A "bottle rocket" is an explosive attached to a narrow stick which is propelled through the air upon the explosive being ignited. It acquired its name because it is usually launched by placing the stick in a bottle. By 12:00 midnight appellant had ceased his participation and appellee was the only one engaging in the fireworks activity. At or about 12:15 a. m. on January 1, 1975, appellant, while standing and talking with his wife in the back yard approximately 20 to 30 feet away from where appellee was shooting bottle rockets, was struck in the left eye by a bottle rocket. The bottle rocket which struck appellant had been placed into a beer bottle and ignited by the appellee. Appellee testified that he gave no warning to appellant that he was about to light the rocket in question. Appellant suffered the loss of sight in his left eye as a result of the accident.

Prior to the accident appellee had fired "over a dozen" of the bottle rockets, either out of a bottle or his hand, or by lighting and dropping the rockets on the ground. Appellee testified that approximately 50 percent of these had malfunctioned, either failing to ignite or failing to reach the maximum altitude. One witness, Homer Rodriguez, testified, "They either didn't go off or they took off and instead of going straight up they just spirled [sic] and went off cockeyed." As to the rocket that struck appellant, appellee testified, " . . . it went up, and then somewhere around six feet it temporarily, the fire stopped, the propulsion device, and then it went up and started to fall, and as it fell it reignited and took a parallel course to the ground in the direction of my brother," upon which course it struck appellant. The evidence showed that several persons including appellant had observed appellee's activity and that no one had objected to such as being dangerous. Appellant acknowledged that appellee's acts were unintentional and that his injury was due to a "freak accident".

■ In considering this evidence we agree with appellant's contention that the evidence raised issues of fact as to the negligence of the appellee and whether it was a proximate cause of appellant's injury. Where the purpose of a valid municipal ordinance is to afford protection against the hazard involved in a particular case, the violation of such, absent some evidence of a legally substantiated excuse, constitutes negligence per se. *Parrott v. Garcia,* 436 S.W.2d 897, 899, 900 (Tex.1969); *Alpine Tel. Corp. v. McCall,* 143 Tex. 335, 184 S.W.2d 830, 833 (Tex.1944); *Harris v. LaQuinta-Redbird Joint Venture,* 522 S.W.2d 232, 234 (Tex.Civ.App., Texarkana 1975, writ ref'd n.r.e.). The ordinance in question, outlawing the use of fireworks within the City of San Antonio without a permit, clearly was meant to afford protection from personal injury for persons situated as appellant. The evidence raises fact issues that appellee violated such ordinance and that such violation was a proximate cause of appellant's injury. Appellee makes no contention that such violation was excusable. We further agree with appellant that the evidence did not establish as a matter of law that his own negligence barred him from recovery. Although it was shown that at an earlier point in the evening appellant had participated in the fireworks activity, it was not

shown (1) that he was participating in such at the time of the accident, or (2) that his own illegal acts would have been a concurring cause of such injuries.

Appellee, however, first contends that the "malfunctioning" of the bottle rocket in question was a new and intervening cause, not foreseeable to appellee, of appellant's injury which destroyed the causal connection between the negligent act of the appellee and appellant's injury, thereby becoming itself the immediate cause of the injury. He contends that since the injury was unintentional, it was, therefore, not foreseeable by the appellee. We disagree. The foreseeability element of proximate cause is established by proof that the actor as a person of ordinary intelligence and prudence should have anticipated the danger to others created by his negligent act, and the rule does not require that he anticipate just how injuries will grow out of that dangerous situation. *Clark v. Waggoner*, 452 S.W.2d 437, 439, 440 (Tex.1970); *Westbrook v. Reed*, 531 S.W.2d 890, 893 (Tex.Civ. App., Amarillo 1975, writ ref'd n.r.e.). An intervening cause does not destroy the causal connection if it was reasonably foreseeable that some injury would result. *Clark v. Waggoner*, supra; *Taylor v. Southwestern Bell Tel. Co.*, 483 S.W.2d 330, 332 (Tex.Civ. App., El Paso 1972, no writ). The intervention of an unforeseen and unexpected cause will not relieve a wrongdoer from consequences of his negligence if his negligence concurs and cooperates with the independent cause in the resulting injury. *Bell v. Campbell*, 434 S.W.2d 117, 122 (Tex.1968); *Taylor v. Southwestern Bell Tel. Co.*, supra.

Appellee testified that over 50 percent of the rockets lighted had malfunctioned. The witness Homer Rodriguez testified that several had spiraled or gone in a direction other than straight up. The proper test in this case is not whether appellee should have anticipated that the bottle rocket would travel laterally and strike appellant in the left eye, but instead whether appellee should have anticipated that danger to others was created by his act. The mere fact that the injury was unintentional did not make it unforeseeable. Under the evidence we cannot agree that the "malfunction" of the rocket was a new and intervening cause precluding appellee's acts from being the proximate cause of appellee's injury.

Appellee also contends in his argument that appellant was a licensee on his premises; therefore, the only duty he owed appellant was not to injure him by willful, wanton or gross negligence. It is well settled in this state that if the person injured was on the premises as a licensee, the duty that the proprietor or licensor owed him was not to injure him by willful, wanton or gross negligence. *Lower Neches Valley Authority v. Murphy*, 536 S.W.2d 561, 562 (Tex.1976); *State v. Tennison*, 509 S.W.2d 560, 562 (Tex.1974); *Hastings v. DeLeon*, 532 S.W.2d 147, 148 (Tex.Civ.App., San Antonio 1975, writ ref'd n.r.e.). However, under an exception to this rule a licensee has the right to require of the occupier of the premises that he so conduct himself as not to injure the licensee through the occupier's active negligence. *Burton Construction & Shipbuilding Co. v. Broussard*, 154 Tex. 50, 273 S.W.2d 598, 602 (1954); *McKethan v. McKethan*, 477 S.W.2d 357, 360 (Tex.Civ. App., Corpus Christi 1972, writ ref'd n.r.e.); *Arambula v. J. M. Dellinger, Inc.*, 415 S.W.2d 456, 458 (Tex.Civ.App., San Antonio 1967, writ ref'd n.r.e.). We believe the shooting of fireworks comes within the meaning of "active negligence." Appellee cannot be excused from his active negligence merely because he was on his own property at the time of the accident. Therefore, we believe that appellee did owe appellant a duty not to injure him under the facts in this case.

Appellee finally contends that appellant is barred from recovery for the alleged negligence of appellee "due to the fact that he was engaged in a civil conspiracy as that term is understood in law and was otherwise himself engaged in an illegal activity." We disagree. A civil conspiracy has been defined by the Supreme Court as "a combination by two or more persons to accomplish an unlawful purpose or to ac-

complish a lawful purpose by unlawful means." *Schlumberger Well Sur. Corp. v. Nortex Oil & Gas Corp.*, 435 S.W.2d 854, 856 (Tex.1968); *Great Nat'l Life Ins. Co. v. Chapa*, 377 S.W.2d 632, 635 (Tex.1964). One of the essential elements required to establish a civil conspiracy is a meeting of the minds on the object or course of action. *Schlumberger Well Sur. Corp. v. Nortex Oil & Gas Corp.*, supra, 435 S.W.2d at p. 857. There is little showing in the record that appellee and appellant either agreed to commit the illegal act or acted in concert to violate the ordinance. We do not feel that under the evidence in the present case the required "meeting of the minds" between appellant and appellee to violate the ordinance in question was proven as a matter of law thereby barring appellant from recovery.

We sustain appellant's points, and we hold that it was error for the trial court to grant appellee's motion for instructed verdict.

The judgment of the trial court is reversed, and the cause is remanded for new trial.